IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TONY DARRELL FUZZ | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv349 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Tony Darrell Fuzz, an inmate confined within the Bureau of Prisons, filed the above-styled motion to vacate, set aside or correct sentence. The court referred the matter to the Honorable Zack Hawthorn. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the motion to vacate be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Movant filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the applicable law and the record in this matter.

Movant asserted two grounds for review: (a) his plea of guilty was involuntary because it was prompted by a threat by the government to have his sentence enhanced if he did not plead guilty and (b) his counsel was ineffective for letting him plead guilty based on a threat to enhance his sentence by using a conviction which was not a felony and therefore could not be used for enhancement purposes.

The Magistrate Judge concluded the first ground for review was without merit because threats regarding enhanced penalties are not the type of threats that render a guilty plea involuntary. With respect to the second ground for review, the Magistrate Judge concluded counsel was not ineffective because the 1989 conviction that the government advised could be used to enhance movant's sentence was a felony.

In his objections, movant asserts his plea was involuntary because it was based on an improper threat by the government to enhance his sentence based upon a conviction that was not a

felony. Based on the authorities cites by the Magistrate Judge, the government is permitted to use threats of enhanced penalties during plea negotiations. Movant contends there was nothing to negotiate in his case. However, whether movant would plead guilty and not be subject to an enhanced sentence or go to trial and be subject to an enhanced sentence was the subject of negotiations between the parties.[1] Moreover, as determined below, movant's prior conviction did qualify as a felony.

With respect to his second ground for review, movant asks the court to verify that his prior offense was a felony and that the judgment in that case was true and correct. He continues to maintain that his Florida conviction could not have been used to enhance his federal sentence and that counsel was ineffective for advising him to plead guilty based on the threat of such an enhancement.

On June 21, 2011, the court conducted a hearing regarding movant's motion to withdraw his guilty plea. As reflected in the transcript of the hearing, movant's counsel obtained a copy of the judgment regarding movant's 1989 Florida conviction.[2] After reviewing the judgment, the court stated that it showed petitioner had been found guilty of possessing cocaine and sentenced to serve one year and one day in prison. The court stated the judgment noted the Florida statute that had been violated and that the crime was a third-degree felony.

Based on the statements at the hearing, it is clear that the applicable judgment provided that movant had been convicted of possessing cocaine and sentenced to serve one year and one day in prison. Further, as explained in the Report and Recommendation and by the court during the

---

[1] Movant also contends the government's statement that it would use a prior conviction to enhance his sentence violated 21 U.S.C. 851(a) because the government had not given prior written notice of its intent to enhance his sentence. Section 851(a) provides that a sentence may not be enhanced unless before trial or before entry of a plea of guilty the government files a written notice with the court stating the previous convictions to be relied on for enhancement purposes. As movant had not been tried or entered a plea of guilty at the time of the plea negotiations, the government still had time to file its written notice if plea negotiations broke down. Section 851(a) was therefore not violated.

[2] The Florida court convicted movant of possessing cocaine on December 13, 1989, and sentenced him to five years probation. On July 26, 1990, the court revoked his placement on probation and sentenced him to serve one year and one day in state prison. The copy of the judgment obtained by counsel was the document that revoked movant's placement on probation and imposed a sentence of imprisonment.

hearing, the crime for which movant was convicted was a felony and could have been used to enhance his federal sentence. Accordingly, counsel's advice that the conviction could have been used to enhance his federal sentence was not incorrect and did not constitute ineffective assistance of counsel.[3]

*Additional Ground for Review*

Along with his objections, movant filed a motion to supplement his motion to vacate to assert an additional ground for review. Movant, citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), states that based on a recent amendment to the United States Sentencing Guidelines, his offense level should be reduced because he was a minor participant in his offense within the meaning of Section 3B1.2 of the Guidelines. Movant's motion to supplement is **GRANTED**. However, for the reasons set forth below, movant's additional ground for review is barred by the applicable statute of limitations and does not provide him with a basis for relief in this proceeding.

A one year period of limitations applies to motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. The period of limitations begins to run on the date on which the judgment of conviction becomes final. Movant's direct appeal was dismissed by the United States Court of Appeals for the Fifth Circuit on June 26, 2012. His conviction therefore became final on September 24, 2012, 90 days later, when the time period for filing a petition for writ of *certiorari* with the Supreme Court expired. As movant did not assert his additional ground for review until more than three years later, movant's additional ground for review was asserted after the applicable period of limitations expired.

However, before concluding that the statute of limitations bars the ground for review asserted by movant in his supplemental motion to vacate, it should be considered whether Federal Rule of Civil Procedure 15(c) applies to cause this ground for review to "relate back" to when the original

---

[3] In his objections, movant also asserts, without elaboration, that counsel failed to "comply with Rule 6 of the United States District Court." Federal Rule of Criminal Procedure 6 and Local Rule CR-6 deal with grand jury proceedings. Movant makes no attempt to explain how counsel failed to comply with Rule 6 or Local Rule CR-6. As a result, the court cannot conclude that this assertion provides movant with a basis for relief.

3

motion to vacate was filed.[4] "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading ...." FED.R.CIV.P. 15(c)(1)(B).

Claims raised in a supplemental motion to vacate do not automatically relate back merely because they arose out of the same criminal proceeding. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Claims raised in a supplemental motion do not relate back if they assert "a new ground for relief supported by facts that differ in both time and type from those the original pleadings set forth." *Id*.

The ground for review asserted in the supplemental motion to vacate is wholly unrelated to movant's original grounds for review. Further, the additional ground for review is supported by facts that differ both in time and type from movant's original grounds for review. As a result, it cannot be concluded that movant's additional ground for review relates back to his original grounds for review.

In addition to being barred by the applicable statute of limitations, movant's additional ground for review does not provide him with a basis for relief. Relief under Section 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Movant's additional ground for review is not of constitutional dimension. *U.S. v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Amendment 794, the amendment to the Guidelines movant relies on, was not issued until November 1, 2015. The amendment therefore could not have been raised in movant's direct appeal. However, a court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice. *Id*. Movant's additional ground for review is therefore not

---

[4] Rule 15 applies to motion to vacate proceedings. *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).

cognizable in this proceeding.[5]

ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. The grounds for review considered in the Report and Recommendation are without merit. In addition, the ground for review asserted in the supplemental motion to vacate is barred by the applicable statute of limitations and fails to provide a basis for relief. As a result, a final judgment will be entered denying this motion to vacate, set aside or correct sentence.

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the merits of the grounds for review considered in the Report and Recommendation are subject to debate among jurists of reason. Nor are the issues of whether movant's new grounds for review are barred by the applicable statute of limitations or provide a basis for relief subject to debate. In addition, the questions raised by movant are not

---

[5] Any relief to which movant might be entitled pursuant to an amendment to the Guidelines must be pursued by filing a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

So **ORDERED** and **SIGNED** this **5** day of **August, 2016.**

_____
Ron Clark, United States District Judge